UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY S. ROBINSON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SCOTT FRAKES,<br><br>　　　　　　Respondent. | CASE NO. 11-5302 RJB/KLS<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the United States Magistrate Judge Karen L. Strombom. Dkt. 22. The Court has considered the Report and Recommendation, objections, and is fully advised.

**I.　FACTS**

The facts and procedural history are contained in the Report and Recommendation. Dkt. 22, at 1-11. None of the parties raise objections to the facts or procedural history. They are adopted here and shall not be repeated except in so far as they assist in the discussion of the issues.

ORDER ON REPORT AND
RECOMMENDATION- 1

1    The Report and Recommendation recommends dismissing a majority of Petitioner's
2 claims (claims one through four, portions of claim five, and all of claim six) as unexhausted and
3 procedurally barred.  Dkt. 22.  It recommends dismissing two of Petitioners' claims (claims
4 seven and eight) on the merits.  *Id.*  It recommends re-referring a portion of claim five for further
5 briefing.  *Id.*  It further recommends denying a certificate of appealability.  *Id.*

6    The Respondent objects to the section of the Report and Recommendation which
7 recommends that a portion of claim five be found exhausted and to the recommendation that this
8 portion of claim five be addressed on the merits.  Dkt. 23.  Petitioner raises several other
9 objections.  Dkt. 24.

10    For the reasons set out below, the Report and Recommendation should be adopted, in
11 part, and the case re-referred to the Magistrate Judge for further proceedings.

12                **II.     DISCUSSION**

13  **A. OBJECTIONS REGARDING RECOMMENDATIONS FOR CLAIM THREE
       AND A PORTION OF CLAIM FIVE AND THE INTERSECTION OF THOSE
14     CLAIMS**

15   Petitioner objects to the recommendation of finding as unexhausted ground three of his
16 petition – that his right to due process and confrontation rights were violated when the trial court
17 permitted the jury to view the video in the jury room.  Dkt. 24.  The Respondent objects to the
18 section of the Report and Recommendation which recommends finding exhausted a portion of
19 claim five  - that Petitioner's right to effective assistance of counsel was violated when trial
20 counsel did not object to having the jury view the a video exhibit in the jury room during its
21 deliberations.  Dkt. 22.

22   Under 28 U.S.C. § 2254 (b)(1)(A), habeas relief cannot be granted unless a petitioner "has
23 exhausted the remedies available in the courts of the State."  "In general, exhaustion of state

24

ORDER ON REPORT AND
RECOMMENDATION- 2

1 | remedies requires that petitioners fairly present federal claims to the state courts in order to give
2 | the State the opportunity to pass upon and correct alleged violations of its prisoners' federal
3 | rights." *Ybarra v. McDaniel*, --- F.3d ----, 2011 WL 3890741 (9th Cir. 2011)(*quoting Duncan v.*
4 | *Henry*, 513 U.S. 364, 365 (1995)). "In order to fairly present a claim, the petitioner must clearly
5 | state the federal basis and federal nature of the claim, along with relevant facts" to the state's
6 | highest court. *Cooper v. Neven*, 641 F.3d 322 (9th Cir. 2011). "In considering potential state
7 | court error, this court looks to the last reasoned decision of the state court as the basis of the state
8 | court's judgment." *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005)(*internal citations*
9 | *omitted*).
10 |     The portion of the Report and Recommendation which recommends that the third claim (that
11 | his Fifth Amendment rights to due process and Sixth Amendment right to confrontation were
12 | violated when the trial court allowed the jury during its deliberation to review video evidence
13 | outside the presence of the defense and trial judge) be found to be unexhausted should not be
14 | adopted.  The portion of the Report and Recommendation which recommends that the portion of
15 | claim five (his Sixth Amendment right to effective assistance of counsel was violated when
16 | counsel failed to object to the jury viewing the video evidence (as described in ground three of
17 | this petition)) was exhausted should be adopted.  These findings hinge on the intersection of
18 | these claims and the procedural posture of those claims.
19 |     As noted by the Report and Recommendation, on direct appeal, Petitioner argued in part, that
20 | the trial court erred in allowing video evidence to be viewed outside the presence of the trial
21 | judge.  Dkt. 22, at 6.  He additionally argued that trial counsel provided ineffective assistance
22 | when they advised the trial court that several witnesses were unavailable, failed to disclose
23 | material facts, and failed to object to an erroneous jury instruction.  *Id.*  In an apparent effort to
24 |

ORDER ON REPORT AND
RECOMMENDATION- 3

discern Petitioner's *pro se* pleadings, the Washington Court of Appeals addressed his argument regarding the jury viewing the video as an ineffective assistance of counsel claim. *Id.*

In his petition for review with the Washington Supreme Court, he argued, as is relevant here, that the trial court violated his due process rights in permitting the jury to view the video evidence in the jury room. *Id.,* at 7. He also argued that trial counsel provided "ineffective assistance of counsel" but did not provide any basis for his claim. *Id.* After each of the grounds in his Supreme Court petition, he stated "[t]his issue is raised by [Petitioner] in his statement of additional grounds, issue #[], which is incorporated herein by reference here." *Id.* He attached a copy of the Court of Appeals decision to his petition for review, but did not attach any other briefing. *Id.*

Respondent argues that Petitioner may not be held to have fairly and fully presented his claims to Washington Courts if he attempts to "incorporate by reference" his claims and the basis for those claims contained in other pleadings. Dkt. 23. However, the Ninth Circuit has cautioned that those cases, like those Respondent cites, "prohibit incorporation of material that has not been filed with the court itself." *Insyxiengmay v. Morgan,* 403 F.3d 657, 668 (9th Cir. 2005). Here, Petitioner attached the Court of Appeals decision that construed his claim that the trial court erred in allowing the jury to view the video evidence in the jury room as an ineffective assistance of counsel claim. In an abundance of caution, both the third claim asserted here and the portion of the fifth claim regarding the jury viewing the video in the jury room should be found to be exhausted. Further, even if the claims are unexhausted, pursuant to 28 U.S.C. § 2254 (b)(2), the Court can consider the merits of these claims. The matter should be re-referred to the Magistrate Judge for consideration on the merits of claim three and the portion of claim five regarding the jury viewing the video in the jury room.

ORDER ON REPORT AND
RECOMMENDATION- 4

## B. PETITIONER'S REMAINING OBJECTIONS

*1. Evidentiary Hearing*

The recommendation that no evidentiary hearing should be held should be adopted. Petitioner provides no reasonable argument in support of holding an evidentiary hearing.

*2. Exhaustion of Claims One, Two, Four, Portions of Claim Five, and Claim Six*

As to Petitioner's claims one, two, four, portions of claim five, and claim six, the Report and Recommendation should be adopted and those claims dismissed as unexhausted and procedurally barred. Petitioner argues that he exhausted all his claims, and that even if he did not, the case should be stayed while he returns to state court to exhaust those claims. Dkt. 24.

Petitioner fails to show that any of these claims were exhausted. Petitioner's argument that he should be permitted to return to state court to exhaust these claims is without merit. As stated in the Report and Recommendation, under Washington law, a defendant may not collaterally challenge a conviction more than one year after the conviction becomes final. RCW 10.73.090(1). His conviction became final one year after the mandate was filed on January 14, 2009. Dkt. 22. Accordingly, these claims are now procedurally barred under Washington law.

"[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper,* at 327. Petitioner here makes no such showing. His claims one, two, four, portions of claim five, and claim six should be dismissed as unexhausted and procedurally barred.

*3. Petitioner's Objection to the Recommendation on the Merits of Claim Seven*

The Report and Recommendation's recommendation that claim seven (that Petitioner was denied copies of portions of the trial transcripts and court records) be dismissed on the merits

should be adopted. Petitioner argues that the issue is reviewed under the wrong standard. Dkt. 24, at 6. Petitioner does not cite any authority for his position, merely argues for a different standard regarding the level of prejudice he feels should apply. This is not a basis to reject the Report and Recommendation.

    *4. Petitioner's Objection to the Recommendation on the Merits of Claim Eight*

The Report and Recommendation should be adopted on claim eight (that Petitioner's appellate counsel provided ineffective assistance of counsel when she failed to order and review all of the trial transcripts and court records). That claim should be dismissed on the merits. Petitioner objects to the recommendation, again asserting that his appellate counsel did not read the entire record and did not give the Washington Court of Appeals the necessary records.

The law and reasoning in the Report and Recommendation regarding this issue should be adopted. Petitioner fails to make any showing that, even if appellate counsel did not read or provide the Washington Court of Appeals the entire record, there were any claims that could have been made on appeal that were not, much less any prejudice that resulted.

**C.  CERTIFICATE OF APPEALABILITY**

The Report and Recommendation's recommendation, that a certificate of appealability should not issue, should not be adopted at this time. This decision should be made at the end of the case.

### III. ORDER

Accordingly, it is **ORDERED** that:

- The Court **DECLINES TO ADOPT** the portion of the Report and Recommendation (Dkt. 22) regarding the finding of claim three as unexhausted and that the certificate of appealability should not issue;

- The remaining recommendations in the Report and Recommendation (Dkt. 22) **ARE ADOPTED;** and

- This matter is **RE-REFERRED** to the Magistrate Judge for consideration of claim three and a portion of claim five on the merits, for a recommendation on the issuance of a certificate of appealability, and any other proceedings consistent with this opinion.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge Karen L. Strombom, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of October, 2011.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON REPORT AND
RECOMMENDATION- 7